ANSEL CHURCHILL *v.* ALLEN MONROE.

The acknowledgment of a deed of a wife's estate, signed by the husband and wife, was in the following words : " Then the above named Ansel Churchill (meaning the grantor) personally appearing, acknowledged the above-written instrument to be his voluntary act and deed, and the said Lillis (wife) being examined separately and apart from her husband also acknowledged the same before me"—signed by the justice ; *held* that the deed passed only the life interest of the husband.

The material facts in this case are stated in the opinion of the Court, by

DURFEE, C. J.—This is ejectment for one undivided third part of certain lands described in the declaration.—— A special verdict was rendered on an agreed statement of facts. The question arising on that verdict is whether a deed, executed by husband and wife of the wife's estate, be sufficient to convey her title thereto, when acknowledged according to the following certificate :——

" BRISTOL, ss. *In Warren, Oct.* 26, 1813.

Then the above named Ansel Churchill, (meaning grantor) personally appearing, acknowledged the above-written instrument to be his voluntary act and deed, and the said Lillis (his wife,) being examined separately and apart from her husband, also acknowledged the same before me.

JOSEPH ADAMS, Justice of the Peace."

The words of the statute are, that when the husband and wife, being of lawful age, are seized of any lands, tenements or other real estate, in right of the wife, they shall be authorised to convey the same by deed, or other instrument in writing, signed, sealed and delivered, by them respectively ;

but in every such case the wife, acknowledging such deed or instrument, shall be examined privily and apart from her husband, and shall declare to the officer taking such acknowledgment, that the deed or instrument shewn and explained to her by such magistrate, is her voluntary act, and that she doth not wish to retract the same ; and if the wife, on such privy examination, shall refuse to make such acknowledgment, the deed or other instrument executed by the husband and wife, as aforesaid, shall not operate to convey to the grantee named in such deed or instrument any other or greater estate, in the premises described in such deed, than what belongs to her husband.

The acknowledgment of this deed must have been made and taken in the mode prescribed by the statute, or it conveyed nothing beyond the life of her husband. Husband and wife can convey the wife's real estate by deed only in the manner prescribed by the above recited section, and that section prescribes that this mode shall be pursued in every such case, and provides what shall be the consequence of a failure ; to wit, that the husband's interest only shall pass. Have the requisitions of the statute been complied with in this case? This can be answered only by the above certificate. It is not necessary that this certificate, to be effectual, should embrace the very words of the statute, though it certainly would be better if it did, since it would leave nothing to construction. At any rate, however brief the certificate might be, it should certify enough, and in such form as plainly to imply that the wife's acknowledgment and declarations, and the mode in which made, were such as required by the statute. It certainly should not be equivocal, so that if the magistrate were called upon to answer to the law for a false certificate, it might not be taken to mean this or that, as the ex-

igency of the case might require. It is not meant to imply that there was any improper intention in this case. We merely announce a general rule applicable to all cases. And now to apply this rule to this particular certificate. Does it certify enough? Does it plainly imply what the statute requires? The certificate is that she was examined separate and apart from her husband and also acknowledged the same, (which by fair construction must mean the instrument or deed.) No body can doubt this; and the fair construction of the language is, that she was examined separate and apart from her husband in reference to this instrument. But the result of that examination is but imperfectly given, when it is added, she acknowledged the same. The object of the privy examination is not merely that she should declare to the magistrate that she had executed the deed, but that she might declare whether she had executed it freely, without constraint, and that it is at the moment of examination, her free and voluntary act. The certificate then may be true; it may be that she declared it to be her deed or instrument, but by this declaration merely the requisitions of the statute are not answered; she does not declare it to be at that time her voluntary act. The magistrate may have intended this by his certificate. But the question is not what the magistrate intended, but what the words of the certificate by fair construction express, or necessarily imply. We cannot extend these words by construction, without taking for granted the very fact which it was the design of the statute that the magistrate should certify. But for this we may as well assume, that the words imply that she acknowledged it to be an instrument executed by constraint as that it was her free and voluntary act. The certificate, therefore, is insufficient as it stands and cannot be extend-

ed by construction, without taking for granted the fact, which it was the intent of the statute that the certificate should ascertain, to wit, whether the deed was her willing or unwilling act at the time of taking the acknowledgment. It is upon the deed, as the present act of her will, that the statute emphatically insists, when it requires that she should declare that she doth not wish to retract the same. Judgment must, therefore, be rendered for the plaintiff.